IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01293-WYD

WILLIAM LOPEZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration[1],

    Defendant.

**ORDER**

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits ["DIB"] and supplemental security income ["SSI"] under the Social Security Act ["the Act"]. For the reasons stated below, the Commissioner's decision is affirmed.

I.    BACKGROUND

Plaintiff applied for DIB and SSI in March 2009, alleging he became disabled in August 2008. (Transcript ["Tr."] at 19, 127-28, 131-34.) Plaintiff's claim was denied at the initial determination stage. (*Id.* 73-76.) A hearing was requested, and an administrative law judge ["ALJ"] held a hearing in September 2010. (*Id.* 35-64.) In October 2010, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (*Id.* 19-28).

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant pursuant to Fed. R. Civ. P. 25(d).

More specifically, at step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his August 2008 alleged onset date. (Tr. 21.) At step two, the ALJ found that Plaintiff has severe impairments of osteoarthritis and disorder of the lumbar spine. (*Id.*) At step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments. (*Id.*)

The ALJ then found that Plaintiff has the residual functional capacity ["RFC"] to perform medium work except he could not climb ladders, ropes, or scaffolds or perform keyboarding. (Tr. 22.) In so finding, the ALJ stated that Plaintiff is not as restricted as he alleges and that his "complaints of severe, disabling pain" were "not fully credible." (*Id.* 23-24.)

Finally, at step four, the ALJ found that Plaintiff was capable of returning to his past relevant work as a window assembler, cabinet assembler, bindery worker, and cartridge assembler. (Tr. 26-27.) Accordingly, the ALJ concluded that Plaintiff was not disabled at any time from his August 25, 2008 alleged onset date through October 8, 2010, the date of the ALJ's decision. (*Id.* 27.)

The Appeals Council declined review on March 20, 2012 (Tr. 1-5). This appeal followed.

Plaintiff argues that the ALJ erred by failing to re-contact treating physician Dr. Raschbacher to resolve ambiguities and inconsistencies regarding his opinion. He also argues that the ALJ erred by giving controlling weight to the treating physician's opinion while failing to provide even one reason for doing so. Plaintiff further contends that the ALJ erred by failing to discuss why he did not include all the restrictions opined to by

Dr. Ketelhohn and Dr. Finnoff, and failed to make clear what weight he gave to these opinions. Further, he argues that the RFC assessment was deficient. Finally, Plaintiff argues that the ALJ's finding that he can perform his past relevant light and medium work is not supported by substantial evidence given his manipulative impairments with his hands. I now turn to the merits of these arguments.

II.     ANALYSIS

   A.     Standard of Review

Review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

   B.     Whether the ALJ's Decision Is Subject to Reversal

       1.     Whether the ALJ Erred in Connection with the Treating Physician

Plaintiff argues that the ALJ frivolously gave controlling weight to an alleged opinion of Plaintiff's treating physician Dr. Raschbacher, when it was unclear that he had authored the opinion. Plaintiff further asserts that when given the opportunity to re-contact Dr. Raschbacher for the purpose of clarifying the true nature of his opinion, the ALJ chose

to substitute his own inferences for the facts. Finally, he argues that even if the facts were certain regarding Dr. Raschbacher's opinion, the ALJ was not entitled to give it controlling weight because he failed to make the required findings. A proper analysis of the treating physician's opinion would have revealed, according to Plaintiff, that it was inconsistent with every other medical opinion in that it did not include the limitations of occasional bending, stooping and crouching.

I reject Plaintiff's argument, finding no error in connection with the ALJ's findings regarding Dr. Raschbacher. The opinion at issue is a Discharge Summary dated October 20, 2008. (Transcript ["Tr." 243-244.) Plaintiff was discharged therein at "Maximum Medical Improvement with no permanent restriction or impairment" in connection with a work injury sustained a couple of months previously. (*Id.* at 243.) While the form indicates it was prepared by Monica L. Fanning, NP-C/J, as it was initiated by her, the form also contains a handwritten note by Dr. Raschbacher indicating that he agreed Plaintiff was at MMI with no impairments. (*Id.* at 244.) It is apparent from this note that Dr. Raschbacher agreed with the report, and I thus find that the ALJ had no duty to contact him for clarification. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) (an ALJ's duty to recontact a treating physician is triggered by the inadequacy of the evidence the ALJ receives from that physician).

Moreover, contrary to Plaintiff's assertion, the ALJ did not give Dr. Raschbacher's opinion controlling weight. Instead, he gave the doctor's opinion "substantial weight," but included additional limitations "giving [Plaintiff] the utmost benefit of a doubt." (Tr. 26). Plaintiff's argument that the controlling weight analysis was deficient is inapplicable.

I also note that the ALJ's decision to give substantial weight to Dr. Raschbacher's opinion that Plaintiff was not restricted as to his ability to perform his work (at the light or medium exertional level) is supported by other evidence in the record; namely, the opinion of Dr. Finnoff. (*See* Tr. 25—opining that Plaintiff "would be able to tolerate any level of physical activity"). Further, Plaintiff does not contend that the ALJ should have given Dr. Raschbacher's opinion controlling weight. Indeed, this would be inconsistent with the ALJ's findings which included limitations not imposed by Dr. Raschbacher. (*See, e.g.,* Tr. 26—substantial weight has been accorded to the claimant's treating physician, Dr. Raschbacher, but I have included additional limitations in giving the claimant the utmost benefit of a doubt").

### 2. Whether the ALJ Committed Other Errors in Regard to the Remaining Medical Opinions

Plaintiff also argues that the ALJ failed to discuss why he did not include all the restrictions in Drs. Ketelhohn and Finnoff's opinions, and failed to make clear what weight he gave them. He cites specifically to their findings that Plaintiff should only occasionally stoop, crouch and crawl, which were noted by the ALJ. (Tr. 25.) Further, he asserts that the ALJ appears to recite the limitations of Dr. Finnoff's report in an effort to bolster his own unfavorable decision (Tr. 26) but then uses only some of the limitations in Dr. Finnoff's opinion. Related to the above arguments, Plaintiff argues that the ALJ's RFC assessment was deficient because the ALJ did not provide a narrative discussion describing how the evidence supports each conclusion.

I agree with Plaintiff that "an 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *DeFalco-Miller v. Colvin*, No. 12-1245, 2013 WL 1406014, at *6 (10th Cir. April 9, 2013) (quoting SSR 96-8p, 1996 WL 374184, at *7)). The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved". SSR 96-8p, 1996 WL 374184, at *7.

In this case, however, the ALJ cited specific medical facts and opinions in assessing his RFC, including the opinions of Drs. Raschbacher, Ketelhohn, Finnoff and Hughes, as well as nonmedical evidence. (Tr. 23-26.) He then stated that:

> in viewing the objective medical evidence in the most favorable light to the claimant, certain aspects of the above-found residual functional capacity are in fact consistent with the claimant's reported daily activities of daily living, and certain aspects are consistent with the residual functional capacity conclusions reached by physicians employed by the State Disability Determination Services. . . .

(*Id.* 26.) Thus, he cited evidence in support of the RFC. Indeed, the ALJ went on to state that he gave substantial weight to Dr. Raschbacher's findings but included additional limitations. (*Id.*) Those additional limitations included that Plaintiff "should not be required to climb ladders, ropes or scaffolds, and should not be required to perform keyboarding." (*Id.* 22.) While the ALJ did not state specifically what evidence he relied on in connection with these additional limitations, he specifically noted Dr. Ketelhohn's opinion that found these restrictions (*Id.* 25), and also noted that he considered Plaintiff's activities of daily

living in assessing the RFC. Accordingly, I find that the RFC assessment was supported by substantial evidence.

Plaintiff is correct, however, that the ALJ erred by not stating specifically what weight he assigned Drs. Ketelhohn and Finnoff's opinions, and why he accepted some of their limitations but not others. Further, Plaintiff is correct that the ALJ was not entitled to pick only some restrictions in a medical opinion without explanation. While "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question", '[a]n ALJ is not entitled to pick and choose through an uncontroverted medical opinion, taking only the parts that are favorable to a finding of nondisability.'" *Chapo v. Astrue*, 682 F.3d 1285, 1288, 1292 (10th Cir. 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Thus, an ALJ cannot, as here, discount a portion of a physician's limitations "with no explanation at all as to why one part of his opinion was creditable and the rest was not." *Id.*; *see also* SSR 96-8p, 1996 WL 374184, at *7 ("If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.").

Nonetheless, I find that these errors are harmless. As pointed out by the Commissioner, even with the additional limitations Plaintiff asserts should have been included in the RFC, *i.e.,* limitations in stooping, crouching and crawling, Plaintiff can perform his past relevant work as a cabinet assembler, bindery worker, and cartridge assembler.[2] The ALJ may rely on the *Dictionary of Occupational Titles* at step four for the

---

[2] Plaintiff is correct, however, that his past work of a window assembler requires frequent stooping, DOT No. 865.684-014, 1991 WL 687542.

functional demands and job duties of a claimant's past job as it is usually performed in the national economy. *Bowman v. Astrue*, 511 F.3d 1270, 1273 n.1 (10th Cir. 2008). The *Dictionary of Occupational Titles* specifically notes that cabinet assembler requires only occasional stooping, couching, and crawling. DOT No. 762.684-014, 1991 WL 680447. Similarly, bindery worker and cartridge assembler, both light occupations, involve no stooping, crouching, or crawling. DOT No. 653.685-010, *available at* 1991 WL 685802, DOT No. 733.685-010, *available at* 1991 WL 679911. Since Plaintiff can still perform this other past relevant work even with the additional limitations he asserts should have been imposed, the ALJ's technical failures were harmless. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012) (applying harmless error analysis where even if the ALJ had given proper consideration to the medical source evidence, the court held it "would not have helped" the claimant).

Finally, Plaintiff argues in his reply brief that substantial evidence does not support the ALJ's finding that Plaintiff can perform his past work that is light or medium work given Dr. Hughes' manipulative restrictions based on his assessment of "[r]heumatoid arthritis with progressive left-greater-than-right hand deformities and mobility restrictions in the shoulders consistent with rheumatoid tendinopathy (Tr. 295), as well as the ALJ's finding that Plaintiff is unable to perform keyboarding. Thus, he argues that substantial evidence does not support the conclusion that Plaintiff is capable of performing the manipulatives of his past work.

I also reject this argument. First, this argument was made for the first time in the reply brief and is thus waived. *Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1181 n.

51 (10th Cir. 2005).  Second, I find no merit to the argument.  The ALJ properly found that Plaintiff could perform his past relevant work even with the keyboarding restriction since the vocational expert testified that Plaintiff could perform his relevant work.  (Tr. 27.) Plaintiff has not shown that the vocational expert erred on this issue.  Finally, as to Dr. Hughes' findings regarding rheumatoid arthritis, the ALJ gave legitimate reasons for giving "less weight" to these restrictions.  (*See* Tr. 26.)  This includes the fact that Dr. Hughes' subsequent questionnaire was inconsistent with his opinions in his evaluation, and there are no objective clinical findings to support some of his opinions.  (*Id.*)  Further, the ALJ noted that Plaintiff "has never presented with such difficulties, actual treatment notes found only a few firm nodules on one hand with no recommended need for any treatment for such, and of course the claimant has never received any treatment for such." (*Id.*)  Plaintiff has not contested these findings.

III.   CONCLUSION

Based upon the foregoing, I find that the ALJ's decision is supported by substantial evidence and free of legal error.  Accordingly, it is

ORDERED that the ALJ's decision is **AFFIRMED**, and this case is terminated.

Dated:  September 16, 2013

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Senior United States District Judge